Quiñones, Demandante y Apelante, v. Vivoni, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Mayagüez en un caso sobre cobro de dinero.

No. 1100.—Resuelto primeramente en mayo 22, 1914.

Resuelto en reconsideración en agosto 1, 1914.

Fiadores Solidarios—Extinción de la Fianza—Embargo de Bienes del Deudor por el Acreedor—Actos que no Perjudican al Acreedor.—Cuando, como en el caso de autos, el acreedor dirige primeramente su acción contra el deudor del pagaré y le embarga ciertas mercancías que se sacan a pública subasta por dos veces sin que ningún postor ofrezca nada por ellas, y entonces el acreedor se dirige contra el fiador solidario, y el fiador no prueba haber sido realmente perjudicado por tales actos del acreedor, la fianza no queda extinguida, ni es aplicable el artículo 1753 del Código Civil revisado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Benet.*

Abogado del apelado: *Sr. José de Diego.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El demandado y apelado José Antonio Vivoni, solicitó la reconsideración de la sentencia dictada por esta Corte Suprema en este caso el 22 de mayo de 1914, y a tal efecto, por medio de su abogado, presentó un extenso y bien escrito alegato que hemos leído y estudiado cuidadosamente.

No desconoció esta Corte Suprema en su opinión, emitida por el Juez Asociado Sr. Wolf para fundamentar la sentencia de 22 de mayo, la existencia de los artículos que invoca el demandado y apelado, a saber: el 1740 y el 1753 del Código Civil revisado. Pero, sin desconocerla, resolvió que no eran

aplicables al presente caso. El 1740, porque el fiador nada pagó al acreedor, ni celebró tampoco con él transacción alguna y no tiene por tanto por qué subrogarse en los derechos del acreedor para con el deudor. Y el 1753, porque si bien aparece que el acreedor dirigió su acción primeramente contra el deudor y le embargó ciertas mercancías, éstas se sacaron a pública subasta por dos veces sin que ningún postor ofreciera un solo centavo por ellas y entonces fué que el acreedor resolvió, en uso del derecho que le concedía el artículo 1111 del Código Civil revisado, dirigir como dirigió su acción en contra del fiador, y porque el fiador no demostró con prueba que pueda estimarse suficiente que hubiera sido realmente perjudicado por la acción del acreedor.

En nada han variado las circunstancias del caso y, en tal virtud, la moción pidiendo la reconsideración de la sentencia debe ser desestimada.

*Denegada la reconsideración de la sentencia dictada en este caso en mayo 22, 1914.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de esta moción.